UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM SCHMIDT, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-6002** |
| **OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA** | **SECTION "H"(3)** |

## ORDER

Before the Court is a Motion to Confirm Umpire's Award filed by Defendant (Doc. 11). The Court granted the Motion at a status conference on May 28, 2014 with written reasons to follow.

This case involves a dispute over the proper valuation of losses sustained to a home during Hurricane Isaac. Plaintiffs claim that their home was damaged in the storm and that Defendant—Plaintiffs' homeowner's insurer—has undervalued their losses. As part of the claims process, Defendant invoked the appraisal clause of Plaintiffs' homeowners policy. The appraisal clause reads:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.
> Each party will:

      1. Pay its own appraiser; and
      2. Bear the other expenses of the appraisal and umpire equally.

Plaintiff does not dispute that Defendant validly invoked the appraisal clause. Plaintiff and Defendant each selected their appraiser in accordance with the policy. The appraisers then selected an Umpire.[1] After the Umpire was selected, he met with the appraisers. Defendant's appraiser and the Umpire agreed on a final award and the two signed it in accordance with the policy.

Appraisal clauses are generally enforceable under Louisiana law. *St. Charles Parish Hosp. Serv. Dist. No. 1 v. United Fire & Cas. Co.*, 681 F. Supp. 2d 748, 753 (E.D. La. 2010) (collecting cases). Appraisal clauses are binding on the parties provided the appraisers perform the duties imputed by the policy. *Id*. Furthermore, "[c]ontractually specified appraisal awards are presumed accurate" and the party challenging the award bears the burden of proving it should not be confirmed. *Id*. at 754. Plaintiffs' do not plausibly allege, much less show, that the appraisers failed to perform the duties required of them under the policy.

Accordingly;

---

[1] Plaintiffs appear to argue that the Umpire was not properly selected because Plaintiff Counsel did not have the opportunity to approve the Umpire. However, the appraisal clause provides that the appraisers, not the parties, choose the umpire. Furthermore, the policy gives Plaintiffs the right to petition the Court to select an umpire. Plaintiffs failed to make this request. Accordingly, any objections to the selection of the Umpire have been waived.

**IT IS ORDERED** that Defendant's Motion is **GRANTED** and the Appraisal Award attached to Defendant's Motion (Doc. 11-9) is entered as a judgment of the Court.  The Court will issue final judgment following disposition of Plaintiffs' remaining claims.

New Orleans, Louisiana, this 28th day of May, 2014.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**